UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>            Plaintiff,<br><br>    v.<br><br>STARBUCKS CORPORATION, a<br>Washington Corporation; and DOES 1-10,<br><br>            Defendants. | No. 2:18-cv-02472-TLN-KJN<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff Scott Johnson's ("Plaintiff") Motion to Stay Case Pending Resolution of Appeal.  (ECF No. 19.)  Defendant Starbucks Corporation ("Starbucks") opposed Plaintiff's motion, and Plaintiff filed a reply.  (ECF Nos. 20–21.)  For the reasons set forth below, Plaintiff's Motion to Stay is DENIED.

///

///

///

///

///

///

///

1

1    **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2        Plaintiff is a quadriplegic who uses a wheelchair for mobility.  (ECF No. 1 at 1–2.)

3    Plaintiff initiated this action against Defendants Starbucks and First California Investments on

4    September 11, 2018, alleging violations of the American with Disabilities Act ("ADA"), 42

5    U.S.C. § 12101, and the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51–53.

6    (ECF No. 1.)  Specifically, Plaintiff alleges he encountered two unlawful barriers to access at the

7    Starbucks café located at 4701 Madison Avenue in Sacramento, California.  First, Plaintiff asserts

8    the café's transaction counter is crowded with merchandise and displays that impermissibly

9    narrow the clear width of the countertop.  (*Id.* at 3.)  Second, Plaintiff claims the paths of travel

10   from the parking lot to the café's entrance and within the café itself are obstructed such that

11   Plaintiff is denied full and equal access with his wheelchair.  (*Id*. at 3–4.)  Each Defendant filed

12   an Answer to the Complaint.[1]  (ECF Nos. 6, 11, 13.)

13       On May 29, 2019, Plaintiff filed the instant motion to stay proceedings pending appeal of

14   two related cases: *Johnson v. Blackhawk Centercal*, No. 3:17-cv-02454-WHA ("*Blackhawk*") and

15   *Kong v. Mana Investments Company LLC*, No. 8:18-cv-01615-DOC-DFM ("*Mana*").[2]  (ECF No.

16   19.)  Plaintiff argues a stay would lead to an efficient resolution of his claims because there is no

17   factual dispute and the cases pending before the Ninth Circuit involve a common defendant,

18   identical issues, and the same statutory and regulatory challenges as the instant case.  (ECF No.

19   19-1 at 3.)  Only Starbucks opposed Plaintiff's motion.  (ECF No. 20.)  On July 1, 2019, Plaintiff

20   filed a reply.  (ECF No. 21.)

21       On July 26, 2019, the parties filed a joint stipulation to dismiss Defendant First California

22   Investments with prejudice based on a settlement agreement entered into by Plaintiff and First

23

---

24   [1]     Starbucks filed both an Answer and an Amended Answer.

25   [2]     *Blackhawk* proceeds on Plaintiff's claim that the transaction countertop at the Starbucks
26   café in Danville, California was crowded with merchandise and displays, and Starbucks failed to
     "maintain" the counter so as to render it accessible, in violation of the ADA and the Unruh Act.
27   Plaintiff currently appeals the district court's order granting summary judgment for Starbucks.
     (ECF No. 19-3.)  *Mana* proceeds on the same ADA-transaction counter claim with respect to a
28   Starbucks café in Stanton, California and is under appeal on the same grounds.  (ECF No. 19-6.)

2

1  California Investments resolving the exterior path-of-travel claim.  (ECF No. 23.)  Plaintiff

2  additionally stipulated to "move forward against Defendant Starbucks Corporation on his claim

3  related to the transaction counters only."  (*Id.* at 2.)  Pursuant to the stipulation, the Court

4  dismissed First California Investments with prejudice.[3]  (ECF No. 24.)  On April 17, 2020, the

5  parties filed a Joint Status Report, in which they clarified they intended to proceed on Plaintiff's

6  interior path-of-travel and transaction counter claims against Starbucks.  (ECF No. 36.)

7       **II.     STANDARD OF LAW**

8       The Court has broad discretion in deciding whether to issue a stay.  "[T]he power to stay

9  proceedings is incidental to the power inherent in every court to control the disposition of the

10  causes on its docket .... [This] calls for the exercise of judgment, which must weigh competing

11  interests and maintain an even balance."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

12  More specifically, "[w]here it is proposed that a pending proceeding be stayed, the competing

13  interests which will be affected by the granting or refusal to grant a stay must be weighed."

14  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  "[I]f there is even a fair possibility that

15  the stay … will work damage to someone else," the moving party must show hardship or inequity

16  will result absent a stay in order for the stay to be proper.  *Landis*, 299 U.S. at 255.

17       When considering a motion to stay, courts within the Ninth Circuit have considered three

18  factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving

19  party if the action is not stayed; and (3) the orderly course of justice.  *CMAX, Inc. v. Hall*, 300

20  F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Rivers v. Walt Disney*

21  *Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  A stay should be denied if it "would require both

22  parties to simply sit and wait for months on the sidelines of their own action … [foreclosing] any

23  possibility of the parties resolving their dispute in a timely fashion or of the Court disposing of

24  issues unrelated to those on appeal …"  *Dister v. Apple-Bay E., Inc.*, No. 07-cv-01377 SBA, 2007

25

26  [3]     Despite Plaintiff's stipulation to proceed against Starbucks "on his claim related to the
transaction counters only," the Court noted the parties' stipulation was unclear as to Plaintiff's
27  interior path-of-travel claim and ordered the parties to submit an updated status report clarifying
which claims remained at issue against Starbucks following the parties' July 26, 2019 joint
28  stipulation.  (ECF No. 35.)

3

WL 4045429, at *5 (N.D. Cal. Nov. 15, 2007).

**III.   ANALYSIS**

A.   Prejudice and Hardship to the Parties

Here, the Court will have to adjudicate the interior path-of-travel issue regardless of the outcomes of *Blackhawk* and *Mana*, which only address the transaction counter issue.  (ECF No. 20 at 3.)  Starbucks correctly notes a stay would prevent the Court from disposing of the issues not related to *Blackhawk* and *Mana* and would prejudice Starbucks by needlessly drawing out the litigation.  (*Id.*)  On the other hand, the Court finds that Plaintiff would suffer little hardship from proceeding with his case, as the parties must still conduct discovery on the path-of-travel claim.  Moreover, Plaintiff brought this lawsuit and therefore should be prepared to litigate it to its conclusion.  Plaintiff has made no argument that he would suffer any kind of hardship or inequity if a stay is not granted here and has therefore failed to meet his burden.[4]  Accordingly, the first two factors weigh in favor of denying Plaintiff's Motion to Stay.

B.   Orderly Course of Justice

The orderly course of justice is "measured in terms of the simplifying of complicating issues, proof, and questions of law which could be expected from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).  Here, the Court finds that the orderly course of justice does not warrant a stay.

First, Plaintiff overstates the likelihood that the outcomes of *Blackhawk* and *Mana* will control the resolution of this matter.  It is possible that the transaction counter issue here is factually distinguishable from those at the other Starbucks locations.  Further, while the above-mentioned appeals may resolve one issue present in this case, "[a] motion to stay … does not

---

[4]   For the first time in his reply, Plaintiff alternatively requests the Court bifurcate the claims, leaving the transaction counter claim to be determined by the outcome of *Blackhawk* and *Mana* and proceeding with the path-of-travel claim.  (ECF No. 21 at 3.)  However, the Court notes that the Unruh Civil Rights Act provides for attorney's fees and a statutory minimum of $4,000 per visit, regardless of how many barriers exist when Plaintiff visits, and therefore a partial stay could result in double recovery for Plaintiff.  This too, would unduly prejudice Starbucks.  Further, a partial stay would "unnecessarily prolong the process and waste judicial resources supervising two phases of discovery."  *See Rosas v. GEICO Cas. Co.*, 365 F. Supp. 3d 1123, 1128 (D. Nev. 2019).

4

1    hinge only on considerations of judicial economy." *ASUSTek Comput. Inc. v. Ricoh Co.*, No. 07-

2    cv-01942 MHP, 2007 WL 4190689, at \*2 (N.D. Cal. Nov. 21, 2007) (citing *Landis*, 299 U.S. at

3    255); *see also Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066

4    (9th Cir. 2007) ("[C]ase management standing alone is not necessarily a sufficient ground to stay

5    proceedings."). Moreover, as previously discussed, a stay would likely damage and prejudice

6    Starbucks by unnecessarily delaying resolution of these proceedings. Such costs outweigh any

7    savings in judicial economy. *See Landis*, 299 U.S. at 256 (reversing the lower court decision

8    largely because the stay would result in undue delay).

9          Plaintiff next argues the Court should grant the instant motion because he has filed dozens

10    of other cases against Starbucks regarding the countertop issue and those cases have been stayed.

11    (ECF No. 21 at 2.) This argument is unavailing. The Court notes that in the cases Plaintiff

12    appears to reference, his motions to stay were simply granted as a result of either joint stipulation

13    or non-opposition by the respective defendants.[5] Notably, when opposed, Plaintiff's motions to

14    stay were denied. *See Johnson v. Starbucks Corp.*, No. 2:18-cv-02956-JAM-AC, 2019 WL

15    4034479 (E.D. Cal. Aug. 27, 2019); *Johnson v. Starbucks Corp.*, No. 2:18-cv-01886-WBS-EFB,

16    2019 WL 3202849 (E.D. Cal. Jul. 16, 2019). In those cases, as here, the action involved

17    additional issues not addressed by *Blackhawk* and *Mana*. *See Id.*

18          Finally, Plaintiff argues that *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) modifies the way

19    courts are instructed to apply agency interpretations of regulations and statutes, therefore creating

20    a novel issue of law for which the Court must wait for the Ninth Circuit to interpret. (ECF No. 21

21    at 3.) Plaintiff's argument is misguided because *Kisor* did not overrule *Auer* or *Seminole Rock*

22

23    [5]    *See, e.g., Johnson v. Mack Plaza Co. L.P.*, No. 2:17-cv-01125-TLN-EFB (E.D. Cal. Jan. 31, 2020); *Johnson v. Brixton Sherwood, LLC*, No. 2:17-cv-02082-TLN-EFB (E.D. Cal. Jan. 22,

24    2020); *Johnson v. Starbucks Corp.*, No. 2:16-cv-02792-TLN-KJN (E.D. Cal. Jan. 16, 2020); *Johnson v. Starbucks Corp.*, No. 2:18-cv-02460-KJM-KJN (E.D. Cal. Jun. 21, 2019); *Johnson v.*

25    *Starbucks Corp.*, No. 2:16-cv-02489-MCE-EFB (E.D. Cal. Jun. 20, 2019); *Johnson v. Starbucks Corp.*, No. 2:17-cv-02521-MCE-CKD (E.D. Cal. Jun. 19, 2019); *Johnson v. Starbucks Corp.*, No.

26    2:17-cv-01718-KJM-KJN (E.D. Cal. Jun. 19, 2019); *Johnson v. Starbucks Corp.*, No. 2:16-cv-

27    02820-MCE-KJN (E.D. Cal. Jun. 18, 2019); *Johnson v. Starbucks Corp.*, No. 2:18-cv-01885-MCE-AC (E.D. Cal. Jun. 12, 2019); *Johnson v. Starbucks Corp.*, No. 2:18-cv-00395-JAM-EFB

28    (E.D. Cal. Jun. 5, 2019).

deference.  *See Kisor*, 139 S. Ct. at 2414–15, 2418 (citing *Auer v. Robbins*, 519 U.S. 452, 462 (1997); *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)).  Rather, *Kisor* limited the deference afforded to an agency's interpretation of its own guidelines. [6]  *Id.* at 2415.  Under *Kisor*, deference to the agency's interpretation (here, the ADA guidelines) is given if the agency's regulation is genuinely ambiguous and if the agency's interpretation is reasonable.  *Id.* at 2414–15.  If the regulation is not ambiguous, the "regulation then must mean what it means—and the court must give it effect, as the court would any law."  *Id.* at 2415.  In sum, *Kisor's* guidance is clear: should the Department of Justice file an amicus brief interpreting the accessibility guidelines in this case for either the transaction counter claim or the interior path-of-travel claim, the Court will assess how much deference to afford the agency's interpretation.  But the case is not yet at that juncture.  Moreover, it is uncertain whether the interior path-of-travel issue will also trigger an interpretation of the accessibility guidelines.  Accordingly, this factor also weighs in favor of denying Plaintiff's Motion to Stay.

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Stay (ECF No. 19) is hereby DENIED.

IT IS SO ORDERED.

DATED:  April 27, 2020

Troy L. Nunley
United States District Judge

---

[6]      Before *Kisor*, courts were required to "give an agency's interpretation of its own regulations controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Kisor*, 139 S. Ct. at 2416; *see also Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 733 (9th Cir. 2017) (holding that an agency's interpretation of its own ambiguous regulation is controlling unless "'plainly erroneous or inconsistent with the regulation,' or where there are grounds to believe that the interpretation 'does not reflect the agency's fair and considered judgment of the matter in question'").